## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

OMAR JAQUAN CARR,                          *

Petitioner,                                *

v.                                         *            Civil Action No. SAG-23-966

WARDEN,                                    *

Respondent.                                *
                                          ***

## MEMORANDUM OPINION

Omar Jaquan Carr, a federal inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking transfer to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act. ECF No. 1. The Warden filed a motion to dismiss the petition, or in the alternative for summary judgment. ECF No. 7. Petitioner has opposed the motion. ECF No. 9. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant Respondent's motion to dismiss, or in the alternative for summary judgment.

## BACKGROUND

On February 5, 2021, Petitioner was sentenced to 84 months' incarceration by the United States District Court for the Eastern District of North Carolina, Case No. 7:20-cr-00090-D, for offenses related to controlled dangerous substances, including conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine. ECF No. 7-2 at 4. He was committed to the Bureau of Prisons ("BOP") on July 14, 2021. *Id*. at 2.

On March 29, 2023, Petitioner filed a form seeking an "Attempt at Informal Resolution" with the Federal Correctional Institution, Cumberland ("FCI-Cumberland"), where Petitioner was incarcerated. ECF No. 1-1 at 1. Petitioner requested to be transferred to home confinement under the CARES Act, arguing he was qualified through completion of more than fifty percent of his sentence and because of certain "[Centers for Disease Control and Prevention] recognized health factors." *Id*. On April 18, 2023, Petitioner's request was denied by the staff. *Id*. Several days later, on April 24, 2023, petitioner filed a "Request for Administrative Remedy" with the Warden of FCI-Cumberland, seeking the same relief, as the next step of the administrative review process. ECF No. 1-1 at 2. On May 25, 2023, the Warden denied Petitioner's request. ECF No. 7-2 at 11.[1]

In the interim, on May 4, 2023, the Court received Petitioner's § 2241 petition for filing.[2] ECF No. 1. In it, Petitioner urges the Court to order the BOP to transfer him to home confinement under the CARES Act in light of his alleged eligibility and given the BOP's decision not to do so. *See* ECF No. 1. He further avers that FCI-Cumberland will not transfer him due to the institution's "inherent bias . . . against using the CARES Act to release inmates to home confinement." *Id*. at 3. Petitioner asserts that this bias violates his rights under the Equal Protection Clause of the U.S. Constitution. *Id*. at 2–3.

Petitioner acknowledges that he did not exhaust his available administrative remedies prior to filing his petition. *Id*. at 1–2. In justification, Petitioner cites authority for waiver of the exhaustion requirement under certain circumstances, including exigency and the "extraordinary

---

[1] On May 31, 2023, Petitioner filed with the Court a copy of a "Regional Administrative Remedy Appeal," signed by him and dated May 17, 2023. ECF No. 6-1 at 1. That date precedes the Warden's denial of Petitioner's "Request for Administrative Remedy" by eight days (May 25, 2023), meaning the regional appeal was not yet ripe. Petitioner's appeal also does not have any markings or other indicia indicating when (or if) it was submitted to the BOP.

[2] The petition submitted was unsigned and did not include the applicable fee or a request for fee waiver. *See* ECF No. 1. In response to a Court order, the Court received Petitioner's signed copy on May 22, 2023, and the filing fee was recorded on May 24, 2023, curing any administrative defects. ECF No. 3, 4.

threat certain inmates face from COVID-19."  ECF No. 1 at 2 (quoting *Coleman v. United States*, 465 F. Supp. 3d 543, 549 (E.D. Va. 2020)).  He states that he did not have time to file further appeals before the expiration of the CARES Act in May 2023.  *Id*. at 3.  Because expiration was imminent, the exhaustion requirement should be waived.  *Id*.  In the alternative to the Court ordering Petitioner's transfer to home confinement, Petitioner requests that the CARES Act expiration be extended so that he may complete the administrative remedy process.  *Id*. at 3.

Respondent counters that the petition should be dismissed for lack of subject matter jurisdiction because the case is moot.  ECF No. 7-1 at 1, 3–4.  Respondent cites President Biden's termination of the national emergency related to the COVID-19 pandemic on April 10, 2023, and the subsequent expiration of the CARES Act on May 10, 2023, which resulted from the termination.  *Id*.  Respondent further argues that Petitioner failed to exhaust his administrative remedies as required; that he lacks standing; that the BOP's decision to deny home confinement under the CARES Act is discretionary and non-reviewable; that Petitioner does not have a liberty interest in home confinement; and that Petitioner failed to allege sufficient facts to state a claim under the Equal Protection Clause.  *Id*. at 4–14.  Respondent asserts that all five of these serve as additional independent grounds to dismiss the petition.  *Id*.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Such motions "address[ ] whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose" of the plaintiff's claim.  *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012).  "[I]ssues of subject matter jurisdiction are 'non-waivable'."  *Ward v. Walker*, 725 F.

Supp. 2d 506, 512 (D. Md. 2010).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Mootness

At the most basic level, the first question is whether this matter continues to present a live case or controversy now that the CARES Act provisions for expanded home confinement have expired.  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" . . . .'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478 (1982)).  If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act."  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

The BOP had expanded authority and discretion to transfer inmates to home confinement under the CARES Act for the duration of the "covered emergency period."   CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).  The Act defined the "covered emergency period" as:

> the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and **ending on the date that is 30 days after the date on which the national emergency declaration terminates** . . . .

*Id*. § 12003(a)(2), 134 Stat. at 516 (emphasis added).

On April 10, 2023, President Biden signed into law a joint resolution declaring that the national emergency related to COVID-19 was terminated.  H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023).  As a result, thirty days later, on May 10, 2023, the provisions under the CARES Act that had granted the BOP its expanded authority and discretion for home confinement expired.

Upon expiration, the BOP no longer had authority to transfer inmates to home confinement under the CARES Act.  This includes Petitioner.  Consequently, Petitioner's request for transfer is moot.

Other district courts considering this question have reached the same conclusion.  *See Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*, No. CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023).  Plaintiff's unsupported assertion that BOP "policy" and court "procedure" have made CARES Act relief available to inmates past its expiration so long as the inmates made a timely application is without merit.  ECF No. 9 at 1.  No order from the Court could yield the relief Petitioner is seeking, as the BOP simply does not have the authority for expanded home confinement since the sunset of the CARES Act provisions.

## B.      Exhaustion

As a second matter, although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts apply a judicial exhaustion requirement "in the absence of exceptional circumstances . . . ." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (quotations and citation removed).  Petitioner concedes he did not exhaust his administrative remedies before filing his petition.  ECF No. 1 at 3.  He avers, however, that the then-imminent expiration of the CARES Act provisions constituted exceptional circumstances excusing the lapse and that the Court should waive any exhaustion requirement.  ECF No. 1 at 1–2, 3; 9 at 2.

Petitioner does not allege any facts related to his reasons for commencing the administrative remedy process so close to the CARES Act expiration.  He does not contend that he had any impediments to requesting an informal resolution sooner or that circumstances prevented him from beginning earlier.  Petitioner does include a parenthetical reference to a 2020 district court order from the Eastern District of Virginia that found judicial waiver of exhaustion

permissible in the face of rampant COVID-19 in certain prisons at that time, coupled with the BOP's "inaction" and "uneven implementation" of home confinement for vulnerable inmates.[3] *Coleman*, 465 F. Supp. 3d at 547–48.   However, Petitioner has not likened his current circumstances to those described in that case, and he likely cannot do so given the significant change in public health and safety in the intervening years.

The petition does not allege sufficient circumstances for waiver of the exhaustion requirement.   While the Fourth Circuit has not addressed exhaustion under these circumstances, courts in other circuits have found that a petitioner's lack of timeliness is not excused when the impediment or cause of delay was not an outside force.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (stating "a prisoner cannot manufacture exigency by tarrying," in response to a petitioner's contention that "looming deadlines excuse[d] exhaustion" in a habeas petition); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760–62 (3d Cir. 1996) (finding a procedural default that precluded review of § 2241 claims where a petitioner failed to complete the administrative remedy process due to the petitioner's own "dilatoriness"; finding no cause and prejudice that would excuse default); *see also Sutton v. Moser*, No. 2:19-CV-210, 2019 WL 2743959, at *3–4 (W.D. Pa. July 1, 2019) (finding a petitioner is not excused from exhaustion "simply because he is approaching his projected release date and may not finish his administrative appeal before a potential habeas claim would become moot"); *Allah v. Rechtenwald*, No. CV-15-267, 2016 WL 6081524, at *3 (W.D. Pa. Aug. 19, 2016) (recommending rejection of an argument that "the exhaustion requirement [ ] be excused because the administrative remedy process could not be completed prior to" a certain date), *report and recommendation adopted*, No. 1:15-CV-

---

[3] In Petitioner's reply brief, he titles his argument "Petitioner Exhausted his Administrative Remedies and Should be Excused if he did not."  ECF No. 9 at 2.  That title is not consistent with the substance of the argument in his reply or the petition.

00267-BR-SPB, 2016 WL 6080363 (W.D. Pa. Oct. 17, 2016); *Amirnazmi v. Scism*, No. 3:11-CV-273, 2011 WL 5854579, at *3 (M.D. Pa. Nov. 21, 2011) (finding "exhaustion is not rendered futile simply because an inmate grieving under the Second Chance Act anticipates that he will be unsuccessful in his administrative appeals before the twelve (12) month release mark"). "Typically, courts have not applied the futility exception based on a timeliness argument."[4] *Ortiz v. Zickefoose*, No. CIV.A. 10-6767 NLH, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011). Other courts have opined specifically that "time restriction" arguments like Petitioner's should be denied "because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process and then argue that there is insufficient time for those remedies to run their course." *Romano v. Warden, FCI Fairton*, No. CV-23-1052 (CPO), 2023 WL 3303450, at *5 (D.N.J. May 8, 2023); *see Tetterton v. Warden, FCI Fort Dix*, No. CV-23-1394 (CPO), 2023 WL 4045086 (D.N.J. June 16, 2023) (same); *Jackson v. Knight*, No. CV-23-2057 (CPO), 2023 WL 4045050 (D.N.J. June 16, 2023) (same).

Further, exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Exhaustion is "normally desirable" in order to allow for the development of a factual record and to permit the agency an opportunity to exercise its discretion or apply its expertise, *McKart v. United States*, 395 U.S. 185, 193–94 (1969), as well as to allow the agency to correct its mistakes, which conserves judicial resources at the same time, *McCarthy*, 503 U.S. at 145–46. Here, the BOP has only been given two of the four opportunities required under the administrative remedy process to

---

[4] Petitioner alleges that if he "were located at any other BOP Camp, he would have already been released" under the expanded CARES Act home confinement. ECF No. 1 at 3. This suggests a belief that administrators outside of his institution would afford a fair evaluation of his appeal. That is the opposite of futility in the exhaustion context. *See, e.g.*, *Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir. 2019).

review its decision.  As such, it has not been given full opportunity to correct potential mistakes, if any, and the record is incomplete.  Additionally, the full weight of the BOP's expertise has not been applied, as each of the four steps of the administrative remedy process submits an inmate's claim to an increasing level of authority within the BOP, culminating with review by the General Counsel.  28 C.F.R. §§ 542.10–542.19.

Without facts concerning petitioner's reasons for waiting to engage the administrative remedy process until close to the expiration of the CARES Act provisions, the Court finds there is no basis for waiver of the exhaustion requirement.  Tarrying on the part of petitioner is insufficient justification.  *Richmond*, 387 F.3d at 604.

## C.  The Remaining Grounds

Because the petition will be dismissed on mootness and exhaustion grounds, the Court does not decide Respondent's remaining arguments.

## CONCLUSION

For the reasons set forth above, the Court will GRANT Respondent's motion to dismiss, or in the alternative for summary judgment, ECF No. 7. The petition will be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction to the extent Petitioner seeks an order directing that he be transferred to home confinement or that the CARES Act expiration be extended for him. The petition will be DISMISSED WITHOUT PREJUDICE in relation to Petitioner's failure to exhaust his administrative remedies. A separate order follows.

December 14, 2023
Date

_____/s/_____
Stephanie A. Gallagher
United States District Judge